# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ANTHONY M. GRUBBS**
**United States Army, Appellant**

ARMY 20230286

Headquarters, Fort Stewart
Tyler J. Heimann and Jerrod B. Fussnecker, Military Judges
Colonel Tanasha N. Stinson, Staff Judge Advocate

For Appellant: Captain Stephen R. Millwood, JA; Major Beau O. Watkins, JA.

For Appellee: Major Justin L. Talley, JA.

31 January 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of sexual abuse of a minor and one specification of sexual assault of a minor in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for 120 days, and reduction to the grade of E-1.[*]

We write to address an omission in the written transcript of appellant's proceeding that failed to include an announced sentence for Specification 1 of Charge II. The audiotape recording of appellant's trial, included in the record of

---

[*] We have given full and fair consideration to the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find it to be without merit.

trial in accordance with Rule for Courts-Martial 1112(a), however, clearly captures the military judge's announcement of 60 days of confinement for that specification, which is consistent with the punishment listed on the "Sentencing Worksheet" of the Statement of Trial Results.

Although we find this omission in the written transcript does not prejudice appellant, we are concerned that several individuals, who were responsible for reviewing appellant's written transcript and *certified it as complete,* did not note or correct this glaring omission in appellant's sentence.

The findings of guilty and the sentence are AFFIRMED.

Judge PENLAND and Judge COOPER concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court

2